IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Jonathan C. Francis, ) | C/A No.: 3:05-418-JFA-JRM |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION FOR |
| vs. ) | PRELIMINARY INJUNCTION |
| ) | |
| Dr. Russell Hughes; Brenda Young-Rice; ) | |
| Fred Pauer; Rev. Smith; Lt. Abney, in their ) | |
| personal capacities; and South Carolina ) | |
| Department of Mental Health, for injunctive ) | |
| relief, ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983.[1] The plaintiff has been involuntarily committed to the Behavioral Disorders Treatment Program ("BDTP") at the South Carolina Department of Mental Health as a Sexually Violent Predator ("SVP") pursuant to S.C. Code Ann. §§ 44-48-10 through 44-48-170. The SVP Act defines residents of the Department of Mental Health SVP unit as "extremely dangerous," which requires that they be kept in a secure environment.

The plaintiff has filed a motion for an "order of abeyance" pursuant to Rule 65 of the Federal Rules of Civil Procedure which this court will consider as a motion for a preliminary

---

[1] This action was originally filed by three persons involuntarily, civilly committed to the custody of the South Carolina Department of Mental Health. The Magistrate Judge assigned to this action ordered the plaintiff in the first action, Kris Sarayn Kollyns, remain as the sole plaintiff in the lead action (C/A 3:05-90-JFA-JRM), and separate civil action numbers be assigned to this plaintiff and the case of *Price v. Hughes*, C/A No. 3:05-419-JFA-JRM.

injunction. Specifically, the plaintiff requests that the court issue an injunction directing that the defendants allow him to hold all religious services required by the Wiccan religion, cease the requirement that he drop out of the Wiccan religion as a ground for his release from the SVP program, and cease setting up a privileged religious class of Christian persons at the BDTP.

The defendants have responded to the plaintiff's motion[2] contending that the issues of this preliminary injunction motion are based on the underlying subject of this litigation. The defendants further argue that the plaintiff has established no grounds to support his motion, and there is no evidence that he will suffer any reparable harm if the motion is denied.

The Magistrate Judge assigned to this matter has prepared a Report and Recommendation[3] suggesting that plaintiff's motion for preliminary injunction be denied. Specifically, the Magistrate Judge opines that the plaintiff has failed to meet the burden of establishing the four factors this court must consider in issuing a preliminary injunction. The Magistrate Judge also opines that the plaintiff has not shown a likelihood of success on the

---

[2] Also pending in this action is defendants' motion for summary judgment, filed February 16, 2006.

[3] The Magistrate Judge assignment is in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

merits.

When considering a request for a preliminary injunction, a court must consider "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest." *Willis v. Town of Marshall, NC*, 426 F.3d 251 (4th Cir. 2005) (citing *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 81212 (4th Cir. 1992)); *Blackwelder Furniture Co. v. Seilig Mfg. Co*, 550 F.2d 189 (4th Cir. 1977).

The court must grant such injunctive relief sparingly. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Plaintiff was apprised of his right to file objections to the report and recommendation, but no objections have been filed within the prescribed time limits set forth in the local rules of this district.

After a review of the record and the applicable law, the court agrees with the Magistrate Judge's findings. Accordingly, the Report and Recommendation is incorporated herein by reference and plaintiff's motion for preliminary injunction is denied.

The Clerk is requested to return this file to the Magistrate Judge for further consideration of the plaintiff's claims.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

February 27, 2006                                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                                        United States District Judge

3

4