IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Jonathan C. Francis, ) | C/A No.  3:05-418-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Dr. Russell Hughes, Brenda Young-Rice, ) | |
| Fred Pauer, Rev. Smith, Lt. Abney, ) | **ORDER** |
| Dr. Chavez, in their personal capacities, and ) | |
| South Carolina Department of Mental Health, ) | |
| for injunctive relief, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jonathan C. Francis is involuntarily civilly committed to the South Carolina Department of Mental Health ("SCDMH") Behavior Disorders Treatment Program ("BDTP") pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10, et seq.[1] He filed this 42 U.S.C. § 1983 action pro se and in forma pauperis, alleging constitutional violations by defendants regarding his Wiccan religious beliefs.

Specifically, plaintiff claims that: (1) he is not allowed to attend group religious services for Wiccans (group worship claim); (2) he is forced to watch drug addition treatment videotapes that incorporate non-Wiccan religious elements (video claim); (3) Dr. Jose

---

[1] A person involuntarily civilly committed, by definition, is not a prisoner and is not subject to the exhaustion requirements of 42 U.S.C. § 1997e(a)(1994 ed., Supp. V).

1

Chavez demanded plaintiff renounce his religious beliefs and withdraw certain lawsuits in order to be released from the BDTP program (Dr. Chavez comments); (4) defendants failed to properly follow SCDMH's grievance policy (grievance claim); and (5) defendants Pauer and Rice made fun of Kris Kollyns' transsexualism, thereby insulting plaintiff's religious beliefs (verbal insults claim). He seeks injunctive relief and monetary damages.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this case was referred to United States Magistrate Judge Joseph R. McCrorey for a report and recommendation ("Report"). Defendants filed a motion for summary judgment on February 16, 2006, contending they are entitled to summary judgment because (1) plaintiff has failed to show that his exercise of religion has been substantially burdened, (2) that defendants have important and necessary compelling interests for implementing their regulations on the exercise of religion, and (3) that defendants are entitled to qualified immunity.

On March 23, 2006, plaintiff filed an opposition to defendants' motion for summary judgment. In his Report dated August 18, 2006, the magistrate judge recommended that defendants' motion for summary judgment be granted in part as to plaintiff's claims concerning group worship, grievance, and verbal insults, and be denied as to plaintiff's remaining claims regarding the video, and Dr. Chavez's comments. Plaintiff filed objections to the Report on August 29, 2006, and defendants filed their objections on September 11, 2006. This matter is now ripe for the court's review.

II.   DISCUSSION

The applicable standard of review is clear. The magistrate judge makes only a recommendation to the Court, to which any party may file written objections:

> The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

While the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 397 (4th Cir. 1990).

After carefully reviewing the applicable law, the record in this case, and the Report, and the parties' objections, the court finds that the magistrate judge's Report dismissal of plaintiff's claims concerning group worship, grievances and verbal insults by defendants

3

Pauer and Rice fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the magistrate judge as to these three claims in full and incorporates his Report by specific reference. As to the remaining two claims concerning the video and Dr. Chavez's comments, the court rejects the recommendation of the magistrate judge and instead finds as follows.

### A. DR. CHAVEZ'S COMMENTS

In his complaint, plaintiff alleges that Dr. Chavez told him that if he wanted to complete the BDTP, he should drop his lawsuit and stop practicing the Wiccan religion. He also alleges that Dr. Chavez told him that no sane person in the 21st century would believe in such nonsense. Plaintiffs alleges that his discharge was contingent upon renouncing his beliefs and withdrawing his lawsuit. Even assuming plaintiff's allegations as true, as the court must at the summary judgment stage, defendants have represented to the court and provided affidavits that show that Dr. Chavez has left employment with the SCDMH and is no longer in any way involved in the plaintiff's care or treatment. Therefore, the court finds that Dr. Chavez's opinions as to plaintiff's discharge, assuming they are true, cannot, as a matter of law, have any impact on plaintiff's actual discharge since Dr. Chavez is no longer employed with SCDMH. The court grants defendants summary judgment on this claim, as well.

### B. VIDEO CLAIM

Plaintiff alleges that defendant Pauer, as part of a required drug addiction treatment class at the BDTP, uses a video that consists of a Christian priest preaching on the subject

4

that the only way to overcome drug abuse is to become a strong Christian. He alleges Pauer informed him that if he refused to watch the videos he would be forced to start the whole program over again until such time as he agreed to watch the videos. Although defendants cite to Gray v. Johnson, 2005 WL 3036644 (W.D.Va. Nov. 9, 2005), for support that the video at issue did not coerce plaintiff to support or participate in religion or its exercise, as the magistrate judge pointed out, defendants in their motion for summary judgment provided no evidence to support their argument, such as providing the video in question, therapeutic program policies, or affidavits concerning the purpose and content of the videos. In their objections to the Report, defendants subsequently provided some of this information, which would have been more properly submitted in support of their summary judgment motion for the magistrate judge's consideration.

The court finds the record is incomplete as to plaintiff's claims concerning the video. If plaintiff's allegations are taken as true, and all inferences are construed in plaintiff's favor, the court cannot conclude as a matter of law that plaintiff fails to demonstrate a constitutional violation on this record. In fact, the court cannot determine with certainty which video is at issue. Therefore, the court remands the case back to the magistrate judge with instructions for plaintiff to identify and for defendants to confirm the precise video at issue. Once the video is sufficiently identified, defendants are granted leave to file a renewed motion for summary judgment on this claim, with proper supporting affidavits and tender of the video at issue to the magistrate judge for his review and consideration. However, at this time and on the basis of the current record, the court denies defendants summary judgment on the

5

video claim.

III.   CONCLUSION

The remaining objections by plaintiff and defendants are overrruled. Defendants' motion for summary judgment is granted as to all of plaintiffs' claims except those concerning the video. This matter is remanded back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

September 22, 2006  
Columbia, South Carolina

s/ Joseph F. Anderson, Jr.  
United States District Judge