IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JONATHAN C. FRANCIS, ) | Civil Action No. 3:05-0418-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| DR. RUSSELL HUGHES; ) | |
| BRENDA YOUNG-RICE; ) | |
| FRED PAUER; ) | |
| REV. SMITH; ) | |
| LT. ABNEY; ) | |
| DR. CHAVEZ, IN THEIR PERSONAL ) | |
| CAPACITIES; AND ) | |
| SOUTH CAROLINA DEPARTMENT OF ) | |
| MENTAL HEALTH, FOR INJUNCTIVE ) | |
| RELIEF, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| ) | |

Plaintiff filed this action under 42 U.S.C. § 1983 on February 8, 2005,[1] and he filed an amended complaint on December 7, 2005. Plaintiff, who states that he is a member of the Wiccan religion, has been involuntarily committed to the Behavioral Disorders Treatment Program ("BDTP") at the South Carolina Department of Mental Health ("SCDMH") as a Sexually Violent Predator ("SVP") pursuant to the South Carolina SVP Act, S.C. Code Ann. § 44-48-10 et seq.

Defendants filed a motion for summary judgment on February 16, 2006. On August 18, 2006, the undersigned recommended that summary judgment be denied as to Plaintiff's claim that he was forced to watch videotape(s), as part of his treatment, that consisted of a Christian priest

---

[1] This action was originally filed on January 28, 2005, by three persons civilly committed to the custody of the South Carolina Department of Mental Health (Civil Action 3:05-0090-JFA-JRM). On February 8, 2005, the undersigned ordered that Kris Sarayn Kollyns remain as the sole plaintiff in the lead action and separate civil action numbers be assigned to the other plaintiffs.

preaching to the viewers that the only way to overcome drug abuse is to become a strong Christian.[2] The parties filed objections to the report and recommendation. On September 22, 2006, the Honorable Joseph F. Anderson, Jr., Chief United States District Judge, District of South Carolina, granted Defendants' motion for summary judgment as to all claims except for those concerning the use of videotape(s) as part of a required addiction treatment program.[3]  Judge Anderson wrote:

> The court finds the record is incomplete as to plaintiff's claims concerning the video. If plaintiff's allegations are taken as true, and all inferences are construed in plaintiff's favor, the court cannot conclude as a matter of law that plaintiff fails to demonstrate a constitutional violation on this record. In fact, the court cannot determine with certainty which video is at issue. Therefore, the court remands the case back to the magistrate judge with instructions for plaintiff to identify and for defendants to confirm the precise video at issue. Once the video is sufficiently identified, defendants are granted leave to file a renewed motion for summary judgment on this claim, with proper supporting affidavits and tender of the video at issue to the magistrate judge for his review and consideration.

The undersigned issued an order on October 4, 2006, setting deadlines for Plaintiff to submit a statement identifying the video at issue and for Defendants to file any renewed motion for summary judgment as to the remaining claim. Plaintiff did not file a statement. On December 1, 2006, Defendants renewed their motion for summary judgment. Because Plaintiff is proceeding pro se, he was advised on December 5, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional

---

[2] The undersigned also recommended that Defendants' motion for summary judgment be granted as to Plaintiff's claims concerning group worship, grievances, and verbal insults, and be denied as to Plaintiff's claims against Dr. Chavez.

[3] In their objections to the report and recommendation (filed September 7, 2007), Defendants represented to the court and provided affidavits showing that Dr. Chavez has left employment with the SCDMH and is no longer in any way involved in Plaintiff's care or treatment. Judge Anderson granted Defendants' motion for summary judgment as to Plaintiff's claims against Dr. Chavez.

evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on December 28, 2006.

## DISCUSSION

Defendants contend that Plaintiff fails to set forth any set of facts that would entitle him to relief and fails to establish any facts showing or suggesting that Defendants violated any of his federally secured rights or rights under the Constitution of the United States. Plaintiff, in his memorandum in opposition to summary judgment, acknowledges that Pauer and White state that he is not required to watch the videos in question (which he still has not identified), but now claims that "it was not just the religious videos that were objected to, but the teachings, saying of prayer, and the biblical readings that were used as part of the [alcohol and other drug addiction] classes." Plaintiff's Opposition Memorandum at 2. The only issue presently before the court, however, concerns the videotapes. See Judge Anderson's September 22, 2006 order. In his amended complaint, the only relevant claims Plaintiff makes concerning the videotape is that:

> Mr. Pauer uses a video in his required drug addiction treatment class, that consists of a Christian priest preaching to the viewers, on the subject that the only way they can overcome drug abuse is to become a strong Christian. That Mr. Pauer has told the Plaintiff that if he refused to watch all three sessions of said video, he would be made to start the whole program over again, and that this would keep taking place until such time as he agreed to watch the video.

Amended Complaint at 5. Thus, the undersigned will only address this claim concerning videotapes in this report and recommendation.

Hyacinth White ("White"), a counselor for the SCDMH, states that based on Plaintiff's admission history, he was assigned to complete the Alcohol and Other Drug ("AOD") addiction treatment program at the BDTP. White supervises AOD treatment groups at the SVP unit. White

Aff.[4]  White states that Plaintiff did not attend any AOD sessions that she lead.  She states that the videos Plaintiff may be referring to are the "Chalk Talk" series, narrated by Joseph Martin, a priest. She states that the series begins with a 42 minute "pep" talk/introduction and that the other videos follow the twelve steps of Alcoholics Anonymous.  White states that SCDMH records indicate that Plaintiff viewed the introductory tape and the first two steps in the series.  She further states that any resident undergoing treatment in the AOD program who has an objection to the videotape series "Chalk Talk," can complete the AOD without viewing the videotapes.  White Aff.

Defendants contend that their renewed motion to dismiss should be granted because Plaintiff failed to respond to the undersigned's October 2006 order to identify the videotape(s) in dispute.  This action should be dismissed because Plaintiff failed to respond to the October 2006 order to identify the videotape(s).  Further, he did not identify the videotape(s) in question in his memorandum in opposition to the renewed motion for summary judgment.  Alternatively, it is recommended that Defendants' renewed motion for summary judgment be granted because Plaintiff fails to show his Establishment Clause rights were violated by the use of the "Chalk Talk" videos.

Defendants, in their original motion for summary judgment and September 2006 objections, contend that Plaintiff fails to show that his Establishment Clause rights were violated by the "Chalk Talk" videotapes because the AOD program has the primary, secular purpose of promoting addiction recovery for BDTP participants; the AOD programs primary effect is not to advance or inhibit religion; and a BDTP resident has the right to decline to watch the video series and have alternative treatment instead.[5]

---

[4]This affidavit was submitted with Defendants' September 7, 2006 objections.

[5]In their September 7, 2006 objections, Defendants contend that the first set of videos only
(continued...)

4

The Establishment Clause provides, "Congress shall make no law respecting an establishment of religion." U.S. Const. amend. I.  Although applicable originally only against the federal government, the Establishment Clause has been incorporated against the states by the Fourteenth Amendment. Everson v. Board of Educ., 330 U.S. 1, 8 (1947).  The Supreme Court has frequently used the Lemon test in analyzing Establishment Clause challenges. Van Orden v. Perry, 545 U.S. 677 (2005); see, e.g., Mueller v. Allen, 463 U.S. 388, 394 (1983). The three prong Lemon test provides:

> First, the statute must have a secular legislative purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion; finally, the statute must not foster "an excessive government entanglement with religion."

Lemon v. Kurtzman, 403 U.S. 602, 612-613 (1971) (citation omitted).

A program fails the Lemon secular legislative purpose test "only if [the action] is 'entirely motivated by a purpose to advance religion.'"  Mellen v. Bunting, 327 F.3d 355, 372 (4th Cir. 2003)(quoting Wallace v. Jaffree, 472 U.S. 38, 56 (1985).  Defendants provide that the AOD program has the primary, secular purpose of promoting addiction recovery for SVP program participants.  Plaintiff has not presented anything to dispute this.  Additionally, Plaintiff has not shown that the primary effect of the videotapes was to advance or inhibit religion.  As noted above, Defendants have provided that Plaintiff may attend and complete the AOD program without viewing the videotapes.  Defendants further provide that the primary effect of the AOD program

---

[5](...continued)
contains random and generic references to the term "God"; the speaker (Father Martin) does not exhort any view that they must believe in any particular God in order to recover; and at most the video encourages a recovering addict to maintain spirituality, a belief in anything, to help recovery. Defendants' Renewed Motion for Summary Judgment at 6.  Review of further videotapes, however, reveals that the subject of tape 4 (there is no indication that Plaintiff ever viewed this tape) is that a person should "make a decision to turn our will and lives over to the care of God as we understand him."

is to aid in the recovery from addiction and to ultimately discharge an SVP resident from the treatment program. Finally, Plaintiff has not established that Defendants effected an impermissible government entanglement with religion in this case where Defendants have provided that the viewing of the videotapes is optional. See, e.g., DeStefano v. Emergency Housing Group, Inc., 247 F.3d 397 (2d Cir. 2001)(upholding state-funded rehabilitation program with an optional AA component); Gray v. Johnson, 436 F. Supp. 2d 795 (residential substance abuse program for prisoners did not impermissibly entangle religion and government in violation of the Establishment Clause even though voluntary Alcoholics Anonymous and Narcotics Anonymous meetings were held; a single historical religious discussion was held; some non-secular materials were placed in the institutional library; and there were expressions of faith by individual participants while staff members, who were required to intervene to prevent proselytizing, were present).

## CONCLUSION

Based on review of the record, it is recommended that Defendants' renewed motion for summary judgment (Doc. 38) be granted.

> Respectfully submitted,
>
> s/Joseph R. McCrorey
> United States Magistrate Judge

May 4, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).