IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Jonathan C. Francis, ) | C/A No.  3:05-418-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Dr. Russell Hughes, Brenda Young-Rice, ) | |
| Fred Pauer, Rev. Smith, Lt. Abney, ) | **ORDER** |
| Dr. Chavez, in their personal capacities, and ) | |
| South Carolina Department of Mental Health, ) | |
| for injunctive relief, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the court on defendants' renewed motion for summary judgment filed December 1, 2006. Plaintiff Jonathan C. Francis is involuntarily civilly committed to the South Carolina Department of Mental Health ("SCDMH") Behavior Disorders Treatment Program ("BDTP") pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10, <u>et seq.</u>[1] He filed this 42 U.S.C. § 1983 action <u>pro se</u> and <u>in forma pauperis</u>, alleging constitutional violations by defendants regarding his Wiccan religious beliefs. The court previously granted defendants summary judgment on all claims except for those concerning the use of videos as part of a required addiction treatment program. Specifically, the court found the record to be incomplete, as the videos about

---

[1] A person involuntarily civilly committed, by definition, is not a prisoner and is not subject to the exhaustion requirements of 42 U.S.C. § 1997e(a)(1994 ed., Supp. V).

1

which plaintiff generally complained were never specifically identified, therefore precluding summary judgment.

Pursuant to the court's September 22, 2006 order, the Magistrate Judge to whom this case was referred issued an order on October 4, 2006, directing the plaintiff to submit by November 1, 2006, a statement identifying the specific videos at issue. Plaintiff failed to comply with the Magistrate Judge's order, and the defendants renewed their motion for summary judgment. In his December 28, 2006 response to defendant's motion, plaintiff again fails to identify the videos at issue. The court assumes that the videos at issue are those identified by the defendants as the "Chalk Talk" video series.

In his Report dated May 4, 2007, the magistrate judge recommended that defendants' renewed motion for summary judgment be granted. Plaintiff filed objections to the Report on May 17, 2007, in which he contends he was forced to attend the AOD classes. Plaintiff specifically complains that the Magistrate Judge erred in relying on a "self-serving affidavit of an agent of the defendants" in support of their motion and in not determining whether the videos did in fact violate the separation of church and state in their content. This matter is now ripe for the court's review.

II.   DISCUSSION

The applicable standard of review is clear. The magistrate judge makes only a recommendation to the Court, to which any party may file written objections:

> The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is

> required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

While the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 397 (4th Cir. 1990).

After carefully reviewing the applicable law, the record in this case, the Report, and the parties' objections, the court finds that the magistrate judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the magistrate judge in full and incorporates his Report by specific reference.

Plaintiff failed to comply with the order of the court to identify the video at issue. Furthermore, plaintiff has failed to show any violation of 42 U.S.C. § 1983 otherwise. The

court rejects plaintiff's argument that the Magistrate Judge erred in relying on an affidavit provided by Hyacinth White, a counselor for SCDMH. The court is not only entitled, but required, to make its determinations by relying on evidence submitted by the parties. White's affidavit provides that a resident undergoing treatment in the AOD program who has an objection to the videotape series "Chalk Talk" can complete the AOD without viewing the videotapes.

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. White v. Boyle, 538 F.2d 1077 (4th Cir. 1976). If he does not so respond, summary judgment, if appropriate, shall be entered against him. Rule 56(e), Fed.R.Civ.P. " '(T)o resist a motion for summary judgment, the party against whom it is sought must present some evidence to indicate that the facts are in dispute . . . . His bare contention that the issue is disputable will not suffice.' " Berry v. Atlantic Coast Line R. R. Co., 273 F.2d 572, 582 (4th Cir. 1960), cert. denied, 362 U.S. 976 (1960) (internal citations omitted).

Plaintiff has failed to carry the burden of showing that there is present here any genuine issue of material fact. There is no evidence of the existence of any fact which, when viewed in a light most favorable to the plaintiff, will support the contention that the defendants invaded any right of the plaintiff secured by the Constitution. Plaintiff must have evidence to support his assertions. Herbert v. Saffell, 877 F.2d 267 (4th Cir. 1989). Although

plaintiff is not required to prove his case at the summary judgment stage, he is obligated to show evidence that he would produce at trial sufficient to establish damage by defendant's conduct.  RGI, Inc. v. Unified Industries, 963 F.2d 658, 661 (4th Cir. 1992).

Here, the plaintiff has failed to come forward with any evidence which might create a genuine issue of fact as to his claim.  Therefore, summary judgment is appropriate.

III.    CONCLUSION

For the foregoing reasons, the report and recommendation of the magistrate is incorporated herein by reference and adopted as the order of this court.  The plaintiff's objections are overruled, and the defendants' renewed motion for summary judgment is granted.  The clerk is instructed to close this case.

IT IS SO ORDERED.

August 15, 2007                                    s/ Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge